**SO ORDERED.**

**SIGNED this 20 day of July, 2012.**

_____
Randy D. Doub
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

| | |
|---|---|
| CONSTRUCTION SUPERVISION SERVICES, INC., | CHAPTER 11<br>CASE NUMBER 12-00569-8-RDD |
| **Debtor** | |
| H.D. SUPPLY WATERWORKS, LTD., | ADVERSARY PROCEEDING<br>NUMBER 12-00111-8-RDD |
| **Plaintiff** | |
| v. | |
| ROBERT SPIVEY; CONSTRUCTION SUPERVISION SERVICES, INC.; FSC II, LLC D/B/A/ FRED SMITH COMPANY; GS BRIGHTLEAF SUBSIDIARY, LLC; GREYSTAR DEVELOPMENT AND CONSTRUCTION, L.P.; FRED SMITH COMPANY, | |
| **Defendants** | |

**ORDER**

Pending before the Court is the Motion of HD Supply Waterworks, Ltd. d/b/a HD Supply Waterworks Limited Partnership (the "Plaintiff") to Abstain or, in the Alternative, to Remand filed on May 7, 2012; the Response in Opposition to Motion to Abstain or, in the Alternative, to Remand filed by FSC, II, LLC d/b/a Fred Smith Company on June 5, 2012; and the Statement in Response to Notice

of Removal filed by GS Brightleaf Subsidiary, LLC ("Brightleaf") and Greystar Development and Construction, L.P. ("Greystar") filed on May 7, 2012. The Court conducted a hearing on June 18, 2012 in Wilson, North Carolina to consider these matters.

## STATEMENT OF THE FACTS

Construction Supervision Services, Inc. (the "Debtor") filed a petition for relief under Chapter 11 of the Bankruptcy Code on January 24, 2012. Pursuant to a credit agreement, the Plaintiff supplied water and sewer construction materials to the Debtor for use on a construction project known as the BrightLeaf Project located in Durham County, North Carolina. Pursuant to the same credit agreement, Robert Spivey ("Mr. Spivey") executed a personal guaranty for all amounts owed from the Debtor to the Plaintiff. The Debtor was a subcontractor on the Brightleaf Project and contracted with FSC II, LLC d/b/a Fred Smith Company ("FSC") and/or Fred Smith Company (collectively with FSC, "Fred Smith") to perform a portion of the work. Fred Smith had contracted with Greystar, who was either the general contractor or developer/agent for the owner of the real property that was improved by the project, BrightLeaf. The Debtor failed to timely pay the outstanding balance owed to the Plaintiff for the construction materials supplied to the Debtor for the Brightleaf Project.

On December 19, 2011, the Plaintiff served a Claim of Lien on Real Property and Notice of Claim of Lien on Funds on the Debtor, Fred Smith, Greystar and Brightleaf for the outstanding balance owed to the Plaintiff on the project. The liens were filed with the Clerk of Superior Court of Durham County, North Carolina. On the same day, the Plaintiff commenced a civil action in Durham County Superior Court, alleging breach of contract against the Debtor and Mr. Spivey, in relation to the credit agreement and guaranty and against Fred Smith, Greystar, and Brightleaf to foreclose on the lien. (the "Complaint"). Additionally, the Plaintiff asserted a claim against each of the defendants under the theory of *quantum meruit*.

2

FSC then filed a surety bond with the Clerk of Superior Court of Durham County, North Carolina in order to discharge the liens pursuant to N.C. General Statutes §§ 44A-16(6), 44A-20(e) and 44A-20(f). The Clerk of Superior Court of Durham County discharged the lien of record pursuant to a Cancellation of Lien When Surety Bond is Filed. The Plaintiff represents that it intends to seek relief from the state court with respect to the Clerk's cancellation by, among other things, seeking to amend its complaint in this action to challenge the validity of the surety bond and the cancellation. The Plaintiff contends that the surety bond does not conform with Chapter 44A of the North Carolina General Statutes.

On March 14, 2012, the Plaintiff served a claim of lien on real property and notice of claim of lien on funds on the Debtor, Fred Smith, Greystar and Brightleaf for the outstanding balance owed on the project, plus an additional amount in the event that the certain prepetition payments related to the project are avoided as preferential transfers in the Debtor's bankruptcy case. The Plaintiff represents that it intends to amend its complaint in this action to foreclose on the second lien.

All of the parties except the Debtor, responded to the state court Complaint. This action was stayed as to any relief sought against the Debtor, based on the filing of the Debtor's bankruptcy petition. The matter was not stayed with respect to the claims against non-debtor entities, including the relief seeking to enforce the lien on the Brightleaf Project. On April 23, 2012, FSC filed a Notice of Removal of this matter in the United States Bankruptcy Court for the Middle District of North Carolina pursuant to 28 U.S.C. § 1452. On May 21, 2012, with the express consent of all parties to this Adversary Proceeding, a Consent Order Regarding Motion for Change of Venue was entered which transferred this Adversary Proceeding from the United States Bankruptcy Court for the Middle District of North Carolina to this Court.

The Plaintiff contends that the Court must mandatorily abstain from hearing all claims asserted in this action pursuant to 28 U.S.C. § 1334(c)(2). If the Court determines that mandatory abstention does not apply, the Plaintiff requests that the Court nevertheless permissively abstain from hearing this matter, because judicial economy and equity and/or comity warrants remand pursuant to 28 U.S.C. § 1452(b) or 28 U.S.C. § 1334(c)(1).

FSC opposes both mandatory and permissive abstention under 28 U.S.C. § 1334(c) as the Plaintiff cannot satisfy the applicable statutory requirements and the critical issues to be determined in this litigation are significantly intertwined with the Debtor's bankruptcy proceeding. Further, FSC argues that the same intertwined and critical issues should compel this Court to refrain from remanding this adversary proceeding to Durham County Superior Court pursuant to 28 U.S.C. § 1452(b).

## DISCUSSION

### I. Mandatory Abstention.

Title 28, United States Code §1334(b) provides that the "district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to a case under title 11." 28 U.S.C. § 1334(b). Title 28, United States Code § 1452(a) provides "[a] party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1452(a).

As a threshold matter, it is noted that the majority of circuit courts hold that mandatory abstention does apply to cases removed from state courts pursuant to 28 U.S.C. § 1452. *See Mt. McKinley Ins. Co. v. Corning Inc.*, 399 F.3d 436, 446-47 (2nd Cir. 2005); *Stoe v. Flaherty*, 436 F.3d

209, 216 (3rd Cir.2006); *Southmark Corp. v. Coopers & Lybrand* (*In re Southmark Corp.*), 163 F.3d 925, 929 (5th Cir.1999); *Robinson v. Michigan Consol. Gas Co. Inc.*, 918 F.2d 579, 584 n. 3 (6th Cir.1990); *Christo v. Padgett* (*In re Christo*), 223 F.3d 1324, 1331 (11th Cir. 2000). This Court sees no reason to depart from the majority view and holds that mandatory abstention does apply to cases removed from state court pursuant to 28 U.S.C. § 1452.

Pursuant to 11 U.S.C. § 1334(c)(2), the court must abstain from hearing a proceeding if the following factors are met: (1) a timely motion to abstain has been made; (2) the action is based upon a state law claim or state law cause of action; (3) the action is merely "related to" the bankruptcy proceedings and does not "arise in" or "arise under" a case under Title 11; (4) the action could not have been commenced in a United States court absent jurisdiction under 28 U.S.C. § 1334; (5) the action was pending when the bankruptcy was filed; and (6) the action can be timely adjudicated in the state forum of appropriate jurisdiction. *S. Cmty. Bank & Trust v. Goldston, et al* (*In re 3G Properties, LLC*), Ap No. 10-00178-8-JRL at 3 (Bankr. E.D.N.C. Oct. 14, 2010). A court must abstain if each factor is present. *Id.*

The Court finds the fifth factor of mandatory abstention is not present in this case. Therefore, mandatory abstention is not appropriate, because the action could have been commenced in a United States court absent jurisdiction under 28 U.S.C. § 1334. Title 28, United States Code § 1332(a) provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states . . ." 28 U.S.C. § 1332(a)(1). According to the complaint, the matter in controversy exceeds the sum or value of $75,000.00. The Plaintiff is a Florida corporation. The Debtor, Fred Smith, and FSC are North Carolina entities. Robert Spivey resides in North Carolina.

Brightleaf and Greystar Development are both Delaware entities. The amount in controversy is met and complete diversity exists.

The Plaintiff contends that diversity jurisdiction is unavailable to the defendants because the Plaintiff initiated this action in a court located in the state where the defendants are citizens. Accordingly, the Plaintiff contends that FSC's North Carolina residency precludes it from removing the case based on diversity jurisdiction and as a result mandatory abstention applies. The Plaintiff, however, concedes that if the Plaintiff had chosen, the matter could have been commenced in federal court, but that since FSC could not have removed this case based upon diversity jurisdiction, the matter could not have been "commenced in a court of the United States absent jurisdiction under this section . . ." for purposes of 28 U.S.C. § 1334(c)(2).

FSC responds that because the action could have been brought in federal court absent jurisdiction under 28 U.S.C. § 1334, mandatory abstention does not apply. The Court agrees with FSC. The clear language of 1334(c)(2) provides that the district court must abstain from hearing an action if the action "could not have been *commenced* in a court of the United States absent jurisdiction under [§1334]." 28 U.S.C. § 1334(c)(2) (emphasis added). "Abstention is mandatory only when the action could not have been *commenced* in federal court on any jurisdictional basis other than the bankruptcy removal statutes." *Blanton v. IMN Fin. Corp.*, 260 B.R. 257, 265 (M.D.N.C. 2001) (emphasis added). Accordingly, "the availability of diversity jurisdiction at the *commencement* of the case is enough to prevent application of the mandatory abstention provision found in § 1334(c)(2)." *Id.* (emphasis added).

While this case could not have been removed by FSC based on diversity jurisdiction, it could have been commenced by the Plaintiff in a federal court based on diversity jurisdiction. Looking to

the clear language of 28 U.S.C. § 1334(c)(2), the Court finds that when determining whether abstention is mandatory, the Court should consider whether the action could have been *commenced* in a federal court and not whether the case could have been removed. Therefore, the Court is not mandated to abstain from hearing this proceeding.

**II. Permissive Abstention.**

Now the Court must consider whether to remand this action under 28 U.S.C. § 1452(b) and/or abstain from hearing this action under 28 U.S.C. § 1334(c)(1) or retain jurisdiction over the action. Pursuant to 28 U.S.C. § 1452(b) "[t]he court to which [a] claim or cause of action is removed may remand such claim or cause of action on any equitable ground." 28 U.S.C. § 1452(b). Pursuant to 28 U.S.C. § 1334(c)(1) a court may voluntarily abstain from hearing a proceeding arising under Title 11 or arising in or related to cases under Title 11 "in the interest of justice, or in the interest of comity with State courts or respect for State law." 28 U.S.C. § 1334(c)(1).

"Although remand and permissive abstention are separate doctrines, 'virtually the same (if not the identical) factors have emerged for judging the propriety of permissive abstention under § 1334(c)(1) as have been articulated for deciding the propriety of remand under § 1452(b).'" *Arcadia Group N.C., LLC, et al v. Arcadius Investors, LLC, et al* (*In re Arcadius Dev., LLC*) 2010 WL 2404339 at *2 (Bankr. E.D.N.C. June 9, 2010) (citing *Blanton v. IMN Fin. Corp.*, 260 B.R. 257, 265 (M.D.N.C. 2001) (*quoting Ernst & Young, LLC v. Devan* (*In re Merry-Go-Round Enters.*), 222 B.R. 254, 256 (D. Md. 1998))). Accordingly, the Court will analyze the propriety of permissive abstention under 28 U.S.C. § 1334(c)(1) and the propriety of remand under 28 U.S.C. § 1452(b) using the same factors.

This Court has applied the following twelve-factor test when determining whether permissive abstention is appropriate:

> (1) the effect or lack thereof on the efficient administration of the estate if a court recommends abstention; (2) the extent to which state law issues predominate over bankruptcy issues; (3) the difficulty or unsettled nature of the applicable law; (4) the presence of a related proceeding in state court or other non-bankruptcy court; (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334; (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather then form of an asserted 'core' proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgment to be entered in state court with enforcement left to the bankruptcy court; (9) the burden on the bankruptcy court's docket; (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; and (12) the presence in the proceeding of non-debtor parties.

*Seascape at Wrightsville Beach, LLC v. Mercer's Enters.* (*In re Mercer's Enters., Inc.*), 387 B.R. 681, 686 (Bankr. E.D.N.C. May 8, 2008); *L. Ardan Dev. Corp. v. Claudia N. Touhey a/k/a Claudia Z. Newell* (*In re Newell*), 424 B.R. 730, 735-36 (Bankr. E.D.N.C. Feb. 25, 2010); *Arcadia Group N.C., LLC, et al v. Arcadius Investors, LLC, et al* (*In re Arcadius Development, LLC*) 2010 WL 2404339 at *3 (Bankr. E.D.N.C. June 9, 2010); *Buck v. Franklin Collection Serv., Inc.* (*In re Buck*), 2011 WL 5902889 at *2 (Bankr. E.D.N.C. Sept. 21, 2011).

The Court finds the majority of the factors weigh in favor of permissive abstention and remand in this case. As to the first factor, the Court finds remand and/or abstention will have little effect on the administration of the estate. The matter will occupy trial time of the Debtor if it is heard in state court or in the Bankruptcy Court. At the hearing, the Plaintiff represented that the time-line for hearing the case in the state court and the bankruptcy court is virtually identical. Furthermore, if the Plaintiff prevails on the lien enforcement action in state court, the effect on the estate would be minimal and would consist of substituting one party for another through subrogation. In addition, any

claim any of the parties have against the Debtor can just as easily be litigated in state court. Further, Durham County is not an inconvenient forum for either of the parties.

Both the second and third factors weigh heavily in favor of abstention and/or remand. The claims to be resolved arise under North Carolina state law and include: breach of contract; enforcement of lien under Chapter 44A of the North Carolina General Statutes; and *quantum meruit* against all of the defendants. Furthermore, six of the seven parties are non-debtor parties. Brightleaf, Greystar and the Plaintiff do not consent to entry of final orders or judgment by the Bankruptcy Court with respect to non-core matters. Consequently, if the Bankruptcy Court were to hear this matter it would be required to issue and submit proposed findings of fact and conclusions of law to the District Court rather than enter a final order or judgment. The predominance of non-debtor parties and state law issues weighs heavily in favor of remanding the action to state court. Furthermore, the claims in this action involve complex state law issues, which would be better heard in state court. The Plaintiff represents that it intends to amend its complaint to include issues related to whether the bond posted was issued properly by the Clerk of Superior Court of Durham County and whether the lien was properly cancelled. In the interest of judicial comity and efficiency, these issues are best left to the Clerk of Court for Durham County, rather than this Court, and ultimately, the United States District Court for the Eastern District of North Carolina.

As to the fourth factor, while there are no related proceedings in state court or other non-bankruptcy courts, the Court finds it would be more efficient for this matter to be heard in state court. As to the fifth factor, the Court finds it has no jurisdictional basis over the adversary proceeding other than that provided in 28 U.S.C. § 1334, because the matter involves purely state law issues, which could be more easily and efficiently filed and adjudicated in state court.

As to the sixth factor, if the Plaintiff prevails on the lien enforcement action in state court, the effect on the estate would be to substitute one party for another through subrogation in the bankruptcy matter. As to the seventh factor, the substance of the action arises under state law and jurisdiction only arises procedurally under 28 U.S.C. § 1334. As to the eighth factor, the claims are state law claims and could be severed from the bankruptcy matters to allow judgment to be entered in state court with enforcement left to the bankruptcy court. Other than claim determination there are no other bankruptcy matters. For the convenience of the parties, this litigation is best left as a whole to be tried by the state court.

As to the ninth factor, while the action will not burden the bankruptcy court's docket, the matter can be just as efficiently adjudicated in state court. As to the tenth factor, there is no evidence of forum shopping in this matter. As to factor eleven, no party has requested a jury trial. Finally, as to factor twelve, the defendants are neither parties to the bankruptcy case nor have any claims against Plaintiff. Non-debtor parties will not consent to Bankruptcy Court hearing the matter and entry of final judgment. Without such consent, the Bankruptcy Court would make proposed findings of fact and conclusions of law for further trial or entry of judgment by the United States District Court. Such would result in further delay and cost to all parties.

## CONCLUSION

In light of all the factors, the Plaintiff's Motion to Abstain or, in the Alternative, to Remand is **ALLOWED**. In essence, this action is about whether the Plaintiff can enforce a lien on funds and/or a subrogated lien on real estate against the non-debtor owner of the project. This matter is best left to the state court. The automatic stay is modified to the extent to allow any claims against the

Debtor to be determined by the General Court of Justice, Superior Court Division, Durham County.

The Clerk is directed to remand this civil action accordingly.

**SO ORDERED.**

**END OF DOCUMENT**